**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **CARLA PENNINGTON,** | ) |
| | ) |
| **Plaintiff,** | ) **CIVIL ACTION NO: 7:19CV0014-HL** |
| | ) |
| **vs.** | ) |
| | ) |
| **PRUITTHEALTH, INC,;** | ) **JURY TRIAL DEMAND** |
| **UNITED HEALTH SERVICES OF GEORGIA, INC.;** | ) |
| **UNITED HEALTH SERVICES, INC.;** | ) |
| **UHS HEALTH SERVICES,** | ) |
| **INC.; UHS-PRUITT HOLDINGS, INC; and** | ) |
| **LOWNDES COUNTY HEALTH** | ) |
| **SERVICES, LLC** | ) |
| | ) |
| **Defendants.** | ) |

# PLAINTIFF'S FIRST AMENDED COMPLAINT

## INTRODUCTION

1.

This is an action for age discrimination and is filed against Defendants based upon the Age Discrimination in Employment Act (ADEA) 29 U. S. C. §621. Plaintiff seeks declaratory and injunctive relief, back pay and benefits, liquidated damages, compensatory damages, prejudgment interest, attorneys' fees and costs, and any other relief to which she is entitled by law.

2.

Jurisdiction of this cause also arise under 28 U. S. C. §1337 which together with 29 U.S.C. §621 et seq. gives this court the power to enforce the provisions of the ADEA.

3.

Plaintiff resides in the State of Georgia and the Middle District of Georgia. Defendant corporation is located in the State of Georgia, Middle District, and the alleged unlawful employment practices occurred in the State of Georgia, Middle District. Therefore, venue is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

4.

The jurisdiction of this Court is based upon 28 U.S.C. 1331, in that this Court has original jurisdiction of this matter which is based upon, the laws of the United States of America.

5.

This is an action seeking redress for the violation of rights guaranteed to the Plaintiff pursuant to the Age Discrimination in Employment Act.

6.

The Plaintiff, at present, a 59-year-old, female American citizen, seeks equitable and monetary relief under ADEA, including reinstatement to the position from which she was separated, back pay, and all other appropriate relief to which she is entitled under the law.

7.

On June 21, 2017, Plaintiff herein was terminated from her employment with the Defendant.

8.

The Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission.

9.

On or about October 24, 2018, the EEOC issued Plaintiff a Notice of Right to Sue. (See Exhibit A, attached hereto.)

10.

The Plaintiff filed her Complaint within the ninety-day period from the date she received her Notice of Right to Sue.

**PARTIES**

11.

The Plaintiff is over the age of 40 and a resident of Valdosta, Lowndes County, Georgia

12.

Defendants are comprised of several corporations that conduct business in the State of Georgia and operate several facilities in Lowndes County where the subject of this cause of action occurred.

13.

**PruittHealth Inc**. is a Georgia Company, that at times material to this lawsuit, was engaged in business in Georgia with its principal office at 1626 Jeurgens Court, Norcross, Gwinnett County, Georgia, 30093. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management and/or control of PruittHealth Inc, at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Arnold L. Tyler, 1626 Jeurgens Court, Norcross, GA 30093.

14.

**United Health Services of Georgia, Inc.** is a Georgia company that, at times material to this lawsuit, was engaged in business in Georgia with its principal office at 1626 Jeurgens Court, Norcross, Gwinnett County, Georgia, 30093. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management and/or control of PruittHealth Inc, at all times material to this lawsuit. Said Defendant may be served with

summons through its registered agent for service of process, Arnold L. Tyler, 1626 Jeurgens Court, Norcross, GA 30093.

15.

**United Health Services, Inc.** is a Georgia company that, at times material to this lawsuit, was engaged in business in Georgia with its principal office at 1626 Jeurgens Court, Norcross, Gwinnett County, Georgia, 30093. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management and/or control of PruittHealth Inc. at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Arnold L. Tyler, 1626 Jeurgens Court, Norcross, GA 30093.

16.

**UHS Health Services, Inc.** is a Georgia company that, at times material to this lawsuit, was engaged in business in Georgia with its principal office at 1626 Jeurgens Court, Norcross, Gwinnett County, Georgia, 30093. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management and/or control of PruittHealth Inc. at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Arnold L. Tyler, 1626 Jeurgens Court, Norcross, GA 30093.

17.

**UHS-Pruitt Holdings, Inc.** is a Georgia company that, at times material to this lawsuit, was engaged in business in Georgia with its principal office at 1626 Jeurgens Court, Norcross, Gwinnett County, Georgia, 30093. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management and/or

control of PruittHealth Inc, at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Arnold L. Tyler, 1626 Jeurgens Court, Norcross, GA 30093.

18.

**Lowndes County Health Services, LLC.** is a Georgia company that, at times material to this lawsuit, was engaged in business in Georgia with its principal place of business at 2501 N Ashley St, Valdosta, GA 31602. The Georgia company has its principal corporate office at 1626 Jeurgens Court, Norcross, Gwinnett County, Georgia, 30093. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management and/or control of PruittHealth Inc. at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, Arnold L. Tyler, 1626 Jeurgens Court, Norcross, GA 30093.

## III. JOINT VENTURE / ENTERPRISE

19.

Defendants were engaged in a joint venture/enterprise during Carla Pennington's employment. Each Defendant had a shared community of interest in the object and purpose of the undertaking for which the nursing home known as Pruitt Health- Holly Hill was being operated/used. Each Defendant had an equal right to share in the control of the operation of the nursing home during Carla Pennington's employment, regardless of whether such right was actually exercised.

20.

The Defendants controlled the operation, planning, management, and quality control of the nursing home facility. The authority exercised by the Defendants over the nursing facility included,

but was not limited to, control of marketing, human resources management, training, staffing, creation and implementation of policy and procedure manuals used by the nursing home facility, federal and state Medicare and Medicaid reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax, and accounting control through fiscal policies established by the Defendants.

21.

Because the Defendants named herein and others were engaged in a joint venture/enterprise before and throughout Carla Pennington's employment, the acts and omissions of each participant in the joint venture/enterprise are imputable to all other participants. The actions of the Defendants and each of its servants, agents and employees as set forth herein, are imputed to each of the Defendants, jointly and severally.

## COUNT I

## AGE DISCRIMINATION

22.

Plaintiff began her employment with the Defendant in 2008 as an LPN. In 2015.she became the admissions director.

23.

At the time of her termination, Plaintiff was serving in her position as admissions director.

24.

During Plaintiff's tenure, she received many favorable job performance evaluations.

25.

The Plaintiff also received regular pay increases and benefits including health benefits and paid time off.

26.

On or about March 27, 2017, Plaintiff received a referral for a new resident Plaintiff made several calls to the family but received no response. She made the calls until March 31st. Plaintiff was scheduled to leave early on March 31st to begin her vacation. Her supervisor was aware that Plaintiff was scheduled to leave for vacation. The supervisor was aware that the admissions process needed coverage. Plaintiff informed the "back up team" of the possible admission for the new resident, but the paperwork for admission was not completed on the date that the patient arrived.

27.

Plaintiff returned on April 4, 2017 and the admissions paperwork was not completed. The family was advised that the papers would be completed upon Plaintiff's return. Plaintiff was instructed by her supervisor Nellie Wilson to complete the admissions paperwork and Plaintiff followed those instructions.

28.

Approximately 3 months later, Plaintiff was told that she was being terminated for violating company policy. The alleged violation is that she completed the admission paperwork after she returned from her leave. The Employer did not prohibit Plaintiff from admitting patients in the past when she was on leave nor did the Employer follow the "back up procedure" for admissions in her absence.

29.

Plaintiff was wrongfully terminated and believes that the Defendants' reasons for terminating Plaintiff were pretextual. Plaintiff was not counseled, nor did she receive any progressive discipline prior to her termination. At the time of termination, Plaintiff was out of the facility pursuant to medical leave under the Family Medical Leave Act.

30.

Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against the Plaintiff on the basis of her age. Plaintiff was terminated based on her age. She was replaced by an employee under the age of 40 that was not qualified to do the position

31.

Plaintiff further believes that she was discriminated against based on her age as similarly situated employees that have engaged in the same or more egregious offense have not been terminated. As of the date of her termination, Plaintiff had not received any prior disciplinary actions. As of the date of her termination, she was not presented with a written action outlining any violation of policy or infraction that justified her termination. Plaintiff was immediately replaced by a party that was under the age of 40 years old.

32.

The Plaintiff has no plain, adequate, or complete remedy at law by which to address the wrongs alleged herein and this action for an injunction and other relief is her only means of securing adequate relief. The Plaintiff is suffering and will continue to suffer irreparable injury as a result of the acts of the Defendants.

33.

The effect of Defendants' discrimination against Plaintiff is to deprive her of equal employment opportunities, including, but not limited to, causing the suspension and termination of her employment, and otherwise adversely affecting her status as an employee because of her age of the ADEA.

34.

As a result of the Defendants' conduct, the Plaintiff has suffered a loss of income, a loss of fringe benefits, a loss of seniority, and has incurred expenses in her search for replacement employment.

35.

The Plaintiff has exhausted the requisite administrative remedies and/or prerequisites for bringing the action herein.

36.

Defendant's actions were willful, intentional and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

**WHEREFORE**, Plaintiff prays as follows:

1. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendants from continuing to violate Plaintiff's civil rights;
2. Issue an order awarding Plaintiff back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole and compensate her for the civil rights violations described above;
3. Award Plaintiff front pay, fringe benefits, and other compensation;
4. Award Plaintiff compensatory, general, and punitive damages
5. Award Plaintiff the costs of this action, including reasonable attorney's fees, and such other legal and equitable relief as this Court deems just and proper; and
6. A jury trial to try all issues in this civil action.

**COUNT II**

**WILLFUL AGE DISCRIMINATION**

**UNDER THE ADEA**

37.

The Plaintiff herein incorporates by reference the allegations as set out in paragraphs 1 through 36 of her Complaint.

38.

Defendants' actions of wrongfully terminating Plaintiff were engaged in with Defendant knowingly showing reckless disregard for whether its conduct violated the ADEA.

**WHEREFORE**, Plaintiff seeks the following relief:

1. An order enjoining Defendants from engaging in further acts of willful age discrimination against Plaintiff;
2. An order making Plaintiff whole by awarding her liquidated damages pursuant to the ADEA in an amount deemed appropriate by the Court;
3. An order awarding Plaintiff prejudgment and post-judgment interest on said liquidated damages in an amount and at a rate to be determined at the time of trial;
4. An order awarding Plaintiff all attorney's fees, expert witness fees and costs of this action; and
5. An order awarding Plaintiff such other and further relief as this Court deems fit.

**COUNT III**

**VIOLATION OF FAMILY MEDICAL LEAVE ACT**

39.

The Plaintiff herein incorporates by reference the allegations as set out in paragraphs 1 through 38 of her Complaint.

40.

At the time of Plaintiff's termination, Plaintiff was on medical leave under the Family Medical Leave Act. Plaintiff's approved leave began on June 7, 2017.

41.

In addition to the aforementioned age discrimination, Plaintiff contends that she was fired based on pretext in retaliation for exercising her right to the provisions of the Family Medical Leave Act. Plaintiff was terminated three months after the alleged policy violation and within fourteen days of her medical leave.

42.

This is an action which arises under the Family Medical Leave Act (FMLA), 29 USC §2601 et seq Plaintiff is an individual and also was an "eligible employee," within the meaning of the FMLA, at all times relevant to this Complaint. Defendant was an "employer," within the meaning of the FMLA, at all times relevant to this Complaint.

43.

The Defendant violated the FMLA by refusing to reinstate Plaintiff to his prior position or to an equivalent position with substantially similar work and compensation upon Plaintiff's return to work and terminating Plaintiff.

WHEREFORE, Plaintiff seeks the following relief:

Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii)

Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii).

An order awarding Plaintiff all attorney's fees, expert witness fees and costs of this action; and

An order awarding Plaintiff such other and further relief as this Court deems fit.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

COPELAND, HAUGABROOK & WALKER

/s/Karla Walker____________________________
KARLA L. WALKER
ATTORNEY for the Plaintiff
State Bar Number: 732288

Address of Counsel:
Post Office Box 1810
Valdosta Ga 31603
(229) 247-4617
cwlaw02@bellsouth.net